# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

MARK KEITH WHITE, JR.,

    Petitioner,

    v.

PAUL COPENHAVER,

    Respondents.

Case No.: 1:13-cv-00317-JLT

ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS MOOT

21-DAY DEADLINE

ORDER DENYING PETITIONER'S MOTION FOR EXPEDITED DECISION (Doc. 21)

    Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have filed their written consent to the jurisdiction of the Magistrate Judge for all purposes. (Docs. 7 & 12).

    The instant petition was filed on March 6, 2013. (Doc. 1). The petition was reviewed by the Court on March 13, 2013 and the matter is fully briefed. (Doc. 19, 20)

    On April 14, 2014, Petitioner filed a notice of change of address to what appears to be a community corrections facility, presumably in anticipation of the completion of his prison term. (Doc. 22). The Court has accessed the Bureau of Prison's prisoner locater website and has determined that Petitioner was released from federal custody on October 9, 2014.

    The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th

1

Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them."  <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241 (1937).

   Here, the claim raised by Petitioner relates to whether the Bureau of Prisons erred in failing to award Petitioner all of the credits to which he claims he was entitled.  Since Petitioner has already been released from federal custody, the award of additional credits—assuming the petition were granted--would be meaningless.  Accordingly, the Court preliminarily concludes that there is no case or controversy, and that the petition appears to be moot.  However, in order to afford all parties a fair opportunity to be heard on this matter, the Court will permit responses to the Order to Show Cause to be filed within thirty days.  If the responses that are filed do not establish that a viable case or controversy still exists, the Court will dismiss the petition as moot.

   Regarding Petitioner's motion for an expedited decision, case management at the Court proceeds by the order cases are received, reviewed, and deemed ready for a decision on the merits.  The Court is aware of the existence of Petitioner's case and the length of time that it has been pending.  However, due to the enormous caseload of the Court, which has the highest caseload of prisoner cases in the United States, as well as the Court's detailed and diligent handling of each individual case, a Court decision often takes time.  Petitioner's case will be ruled on in due course.

## **ORDER**

   For the foregoing reasons, it is HEREBY ORDERED that Petitioner's motion for an expedited decision (Doc. 21), is DENIED.

///
///
///
///
///
///

**ORDER TO SHOW CAUSE**

Accordingly, within 21 days, the parties are ORDERED to SHOW CAUSE in writing why the petition for writ of habeas corpus should not be dismissed as moot. If responses are not filed within the allotted time period, the Court will issue an order dismissing the petition as moot.

IT IS SO ORDERED.

Dated:   **January 29, 2015**                           **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE