UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KEITH WHITE, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No.: 1:13-cv-00317-JLT<br><br>ORDER TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>NO CERTIFICATE OF APPEALABILITY IS REQUIRED |

On April 14, 2014, Petitioner filed a notice of change of address to a community corrections facility. (Doc. 23). The Court accessed the Bureau of Prison's prisoner locater website and determined that Petitioner was released from federal custody on October 9, 2014. On January 30, 2015, the Court issued an Order to Show Cause why the petition should not be deemed moot and dismissed. (Doc. 23). That order gave Petitioner thirty days within which to file a response. (Id.). To date, Petitioner has not filed a response. Rather, the order sent to Petitioner was returned as undeliverable to the Court on February 10, 2015, with a notation, "Attempted—Not Known—Unable to Forward." Therefore, for the reasons set forth below, the petition is **DISMISSED as MOOT**.

I.    DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104

S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

Here, Petitioner challenges the Bureau of Prison's calculation of credits awarded to Petitioner.  Since Petitioner has already been released from federal custody, there is no further relief the Court can afford Petitioner since, even were the Court to grant the petition, the resulting award of additional credits against Petitioner's period of incarceration would be meaningless since he is no longer incarcerated.  Hence, no case or controversy exists.  Because there is no further relief that this Court can provide to Petitioner, the petition is now moot and the Court lacks jurisdiction to proceed.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. at 70.  Accordingly, the Court will dismiss the petition.

Moreover, no certificate of appealability is required.  The plain language contained in 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability because this is an appeal from an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not from a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court.  Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997); see Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The instant petition for writ of habeas corpus (Doc. 1), is DISMISSED as moot;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and
3. No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **March 10, 2015**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

2